The Ashland Street Railway Company, Respondent, vs. The City of Ashland, Appellant.

| 78 | 271 |
| 114 | 249 |

*November 25 — December 16, 1890.*

*Street railways: Change in grade of street.*

A municipal ordinance granting a franchise for the construction of a street railway provided that " the road-bed shall at all times correspond with the actual grade of the streets; " that the railway shall be operated " on such grades as have heretofore been or hereafter may be established by the city; " and that in case of change by the common council in the actual grade of any of the streets, the railway company "shall relay the track of said railway to correspond to such grade, at its own expense." *Held,* that the company must bear all the expense of raising the grade of its road-bed and track to correspond with a change made in the grade of a street.

APPEAL from the Circuit Court for *Ashland* County. The facts are sufficiently stated in the opinion.

*E. J. Dockery,* for the appellant.

For the respondent there was a brief by *Tomkins, Merrill & Smith,* and oral argument by *W. M. Tomkins.* They contended that under the ordinance the city was to complete the change of the grade, and the railway company was to bear the expense only of relaying its tracks.

Orton, J.   The respondent company built its track on Second street of the city of *Ashland,* to correspond with

the grade of the same. Afterwards the city raised the grade of said street so as to require considerable filling, and requested the company to raise the grade of its road-bed and track to correspond with such change of the grade of said street, and the company did so at an expense of $2,037.80, and brings this action to recover the same of the city. This is substantially the complaint, to which the appellant demurred on the ground that it did not state a cause of action, and the demurrer was overruled, and the city appeals from said order.

The demurrer was improperly overruled. The company obtained its franchise and authority to construct its tracks in the streets of the city by an ordinance of the city, and "subject to the conditions and limitations" therein, according to sec. 1 of said ordinance. This grant and its conditions constitute the contract between the city and the company, under which the company has so constructed its railway in the streets of the city, and is valid and binding upon both parties. Sec. 2 of said ordinance provides that "the road-bed shall at all times *correspond with the actual grade of the streets*, and shall be so laid and maintained that carriages and other vehicles can easily and freely cross the track at any and all parts and directions without obstruction to travel on the streets, . . . and shall keep the space between the rails, and for the distance of a foot without the line of said rails, in proper repair so as not to interfere with travel upon the same, and shall keep the same in repair." Sec. 3 provides that "the said railways are to be constructed and operated as aforesaid on such grades as have heretofore been *or hereafter may be established by the city*. In case the common council shall at any time change the actual grade of any streets upon which said railway track shall be laid, said grantee, its assigns or successors, shall, within a reasonable time, upon the completion of such change of grade, *relay the track of said railway to cor-*

*respond to such grade, at their own expense.*" Said section further provides, in effect, that the city may at any time change the grade of streets, and shall not be liable to the company therefor, and the company shall not forfeit any right by failure to operate their railway on any such streets during the time the same is being repaired "*to conform to such grade.*" Sec. 4 provides, in effect, that if the city shall pave or macadamize any street the company shall do the same between the rails of the track and one foot outside, and keep the same in as good repair as the street outside of such limit. Said section further provides, in effect, that the company shall repair all damages to public or private property, caused by the construction, operation, or management of said railway, and indemnify the city against all claims for damages on account thereof.

I have cited more fully these provisions of the ordinance, which constitute some of the conditions of the contract by which the respondent company holds its franchise to use the streets of the city, in order to show at a glance that the company has *assumed*, for a good and valuable consideration, all the expenses incurred by its adjustment of its tracks to the new grade of the street and which constitutes its cause of action in this case, and in order to obviate the necessity of any authorities, comment, or argument to show that the city is not liable, where it is so clear and self-evident from the very terms of the ordinance.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.